IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAUL A. MILLER,

           Petitioner,

    v.                              CASE NO. 12-3245-SAC

DEREK SCHMIDT,
 et al.,

           Respondents.

## MEMORANDUM AND ORDER

The initial pro se petition filed in this federal habeas corpus action, 28 U.S.C. § 2254, was inadequate in that it failed to set forth any grounds, facts in support, or information showing exhaustion of state court remedies. Mr. Miller was ordered to submit an Amended Petition upon court-approved forms that set forth the requisite allegations and information. In response, he submitted his Amended Petition (Doc. 5), which has been reviewed by the court. The court finds that the Amended Petition is subject to dismissal because it contains both exhausted and unexhausted claims. However, Mr. Miller is given the opportunity to avoid dismissal by filing a Second Amended Petition that contains only exhausted claims.

## PROCEDURAL HISTORY

In 2007, Mr. Miller was convicted in his second jury trial of Rape, Aggravated Criminal Sodomy, and 2 Counts Aggravated Indecent Liberties with a Child. His "first trial ended in a mistrial when the State repeatedly violated the trial court's pretrial order

1

limiting admission of the victim's statement." *See State v. Miller,* 264 P.3d 461, 465 (Kan. 2011). He directly appealed his convictions, and the Kansas Court of Appeals (KCA) affirmed in a published opinion, *State v. Miller*, 208 P.3d 774 (Kan.App. 2009). Mr. Miller appealed to the Kansas Supreme Court, which affirmed in a published opinion on October 28, 2011.

**CLAIMS**

Mr. Miller lists 16 grounds for relief. In response to questions regarding exhaustion on his form Amended Petition he stated that four grounds were raised on direct appeal: (1) through (3), and (15). Thus, his exhausted claims are: (1) double jeopardy by retrying him after the mistrial; (2) prosecutorial misconduct; (3) improper admission of hearsay along with failure to order child victim to testify; and (15) defense attorney at second trial failed to object to same evidence, testimony, and comments that caused the first mistrial. Petitioner's allegations regarding exhaustion made in connection with grounds (5) through (14) and (16) indicate that these issues were not raised on direct appeal. Petitioner does not show that he presented any of his claims in state post-conviction proceedings.[1]

---

[1] To questions on his form petition regarding state post-conviction proceedings, Mr. Miller erroneously responds a few times that he raised issues by this means. However, he then cites the direct appeal decisions only. With regard to most of his issues, he provides no information regarding state post-conviction proceedings.

2

**PETITION CONTAINS UNEXHAUSTED CLAIMS**

It has long been established by case law that "before a petitioner may proceed in federal court under 28 U.S.C. § 2254, he or she must first exhaust viable state remedies." *Harris v. Champion*, 938 F.2d 1062, 1064 (10th Cir. 1991); see *Picard v. Connor*, 404 U.S. 270, 275 (1971)(A state prisoner is generally required to exhaust available state court remedies before filing a habeas corpus action in federal court.); *Hernandez v. Starbuck*, 69 F.3d 1089, 1092-93 (10th Cir. 1995), *cert. denied*, 517 U.S. 1223 (1996). 28 U.S.C. 2254(b)(1) also expressly provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State. . . .

*Id.* "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless every claim asserted has been presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. In this district, that means petitioner's claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction

3

or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Mr. Miller plainly reveals in his Amended Petition that only 4 of his 16 claims were exhausted prior to his filing of this federal habeas action. He alleges that these 4 claims were presented to the Kansas Supreme Court on direct appeal. He alleges no facts suggesting that he raised any claims by way of state post-conviction remedies or that these state remedies were either unavailable or ineffective. Petitioner baldly alleges that he failed to present his unexhausted claims in the state courts because his appellate counsel was ineffective. However, ineffective assistance of appellate counsel is a separate claim that must also be fairly presented through one complete round of the state's judicial review process before it is raised in federal court. It is therefore clear from the face of the Amended Petition that it is a "mixed petition."

## **MIXED PETITIONS MAY NOT BE ADJUDICATED**

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509, 510 (1982), that a federal district court "may not adjudicate mixed petitions for habeas corpus, that is petitions containing both exhausted and unexhausted claims." *Id.*; *Pliler v. Ford*, 542 U.S. 225, 227 (2004)("Under *Rose,* federal district courts must dismiss 'mixed' habeas petitions."). The Supreme Court cautioned in *Rose*:

> [O]ur interpretation of §§ 2254(b), (c) provides a simple
> and clear instruction to potential litigants: before you
> bring any claims to federal court, be sure that you first
> have taken each one to state court.
>
> * * *
>
> [S]trict enforcement of the exhaustion requirement will
> encourage habeas petitioners to exhaust all of their
> claims in state court and to present the federal court with
> a single habeas petition.

*Rose*, 455 U.S. at 519-520. Under *Rose* and § 2254(b)(2), a district court faced with a mixed petition may dismiss the entire petition without prejudice to allow the petitioner to return to state court to fully exhaust his state remedies, or permit the petitioner to amend his federal petition to present only the exhausted claims.[2] Under ordinary circumstances, a mixed federal petition is presented in time to be dismissed without prejudice, and the inmate can then return to state court, exhaust state judicial remedies on his unexhausted claims, and thereafter file another federal petition for review of all his claims.

## **STATUTE OF LIMITATIONS**

Unfortunately, it appears that if the instant mixed petition is dismissed at this time in its entirety, Mr. Miller will be time-barred from filing a subsequent habeas application in federal court. In *Rose*, the Court "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate this

---
2   Alternatively, the court may deny the entire petition if it finds that all claims are without merit.

5

requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Rhines v. Weber*, 544 U.S. 269 (2005)(quoting *Rose*, 455 U.S. at 522). When the Court decided *Rose*, however, "there was no statute of limitations on the filing of federal habeas corpus petitions." *Id*. Consequently, "petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Id.* In 1996 Congress enacted AEDPA, which "dramatically altered the landscape for federal habeas corpus petitions." *Id*. In particular, it "preserved [*Rose*]'s total exhaustion requirement," but "also imposed a 1-year statute of limitations on the filing of federal petitions." *Id.*; see 28 U.S.C. § 2244(d)(1).). As the U.S. Supreme Court explained in *Pliler:*

> The combined effect of *Rose* and AEDPA's limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims-including those already exhausted . . . .

*Pliler*, 542 U.S. at 230. The one-year limitations period applicable to Mr. Miller's federal habeas claims appears to have expired a couple months after he initiated this action.

Mr. Miller's direct appeal concluded on October 28, 2011, with the filing of the Kansas Supreme Court's opinion affirming his

6

convictions.  Under federal law, the one-year statute of limitations applicable to federal habeas corpus petitions began to run ninety (90) days later on January 26, 2012.[3]  Mr. Miller executed the original petition filed herein on November 26, 2012.  Thus, ten months of the one-year statute of limitations had already expired prior to Mr. Miller's initiation of this action in federal court.  As noted, the original petition was not on forms and did not even set forth claims.  Nor did it contain any information regarding exhaustion.  On December 18, 2012, the court gave Mr. Miller thirty (30) days to file an Amended Petition in which he specified his grounds for relief and showed exhaustion of state court remedies on each ground.  Court-approved forms transmitted with that order cautioned petitioner that to "proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court."  On January 11, 2013, Mr. Miller filed a timely motion for extension of time "in regards to filing the 28 U.S.C. 2254 petition."[4]  Meanwhile, the statute of limitations continued to run unabated for the reason that a pending federal habeas petition, unlike a state

---

3   The "judgment is not final and the one-year limitation period for filing federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari to the United States Supreme Court has passed."  *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

4   Even if the court had previously granted this motion, an extension of time to comply with the court's order to file an adequate 2254 petition would have had no tolling effect upon the statute of limitations.

petition, has no tolling effect. See *Duncan v. Walker*, 533 U.S. 167 (2001)( The time during which a petition is pending in federal court does not toll the running of the one-year limitations period governing the habeas petitioner's claims.). Consequently, on January 28, 2013, the statute of limitations applicable to Mr. Miller's 2007 convictions expired. This was before he filed his Amended Petition and before the court became aware that he was filing a mixed petition. Had the court been aware that Mr. Miller's Amended Petition would contain unexhausted claims, it might have warned him about the statute of limitations even though it has no obligation to give such warnings. *Pliler*, 542 U.S. at 231.

**ALTERNATIVES**

As a practical matter, Mr. Miller may now be left with only one of the two alternative "paths outlined in *Rose* if he wants to proceed with his federal habeas petition." *Id.* at 233.[5] He probably does not desire the option of dismissing this action in its entirety so that he may return to state court to exhaust his unexhausted claims, given that any future federal habeas corpus application filed by him

---

5   The Tenth Circuit has held that when faced with a mixed petition, a district court may do one of four things: (1) dismiss the petition in its entirety because it is mixed; "(2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims;" or "(4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit."

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

8

would likely be considered time-barred, absent a showing of entitlement to statutory or equitable tolling.[6] He is thus left with the option of amending his petition to present only exhausted claims.[7]

Mr. Miller is forewarned that when he files a Second Amended Petition that contains only his exhausted claims, his unexhausted claims will be dismissed and will not be reviewed in this action. Furthermore, if at a later time he attempts to file another § 2254 petition raising his currently-unexhausted claims after they have been exhausted, that federal petition will likely be considered "second and successive" in accordance with 28 U.S.C. § 2244(b)(2).[8] Thus, once petitioner's unexhausted claims are dismissed from this

---

6   Petitioner vaguely mentioned in his motion for extension of time that he was "currently petitioning the Saline County Kansas District Court" for reports and evidence. A statutory exception to the exhaustion requirement exists in that:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). If petitioner has had a tolling-type post-conviction motion pending in state court during the running of the statute of limitations, he may be entitled to statutory tolling. If he can provide any reason for the court to find that the statute of limitations has not expired in this case, he must do so in response to this Order. It is his burden to show that he is entitled to either additional statutory or equitable tolling.

7   "Nothing in *Rose* requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options." *Id.*

8   This subsection pertinently provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed." A few limited statutory exceptions apply, such as a claim that relies upon "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Section 2244(b)(3)(A) provides that before a second and successive application is filed in district court, the applicant must obtain authorization from the appropriate court of appeals.

9

action and he proceeds upon his exhausted claims, it is unlikely that his unexhausted claims will ever be heard in federal court.

In order to continue to proceed in this pending federal habeas corpus action, Mr. Miller is required to file a "Second Amended Petition" on court-provided forms that contains only claims that have been fully and properly exhausted. He must write "Second Amended" and the number of this case, 12-3245, at the top of the first page of his petition. He must completely fill out the form petition. He may not simply refer to his prior petition as it will be entirely superseded by his Second Amended Petition. All grounds and facts to be considered must be included in the Second Amended Petition or they will not be before the court. If Mr. Miller fails to file his Second Amended Petition within the time prescribed by the court, this action may be dismissed in its entirety without further notice for failure to exhaust state remedies.

**STAY OF HABEAS CORPUS PROCEEDINGS**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held that the federal district court has discretion to stay a mixed petition and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Then once petitioner has totally exhausted state remedies, the stay is lifted and he may proceed in federal court. This procedure may be appropriate where, as here, an outright dismissal would jeopardize

the timeliness of a petitioner's collateral attack in federal court. However, the Supreme Court warned in *Rhines* that a stay and abeyance of habeas proceedings should be "available only in limited circumstances" lest it undermine the legislative goals in AEDPA. Thus, the Court recommended a stay where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277, 278.

Mr. Miller has not filed a Motion for Stay and Abeyance of these proceedings. Nor has he alleged facts indicating that he would be entitled to stay and abeyance. In order to request a stay, petitioner must file a proper motion and therein state facts showing that each of the three *Rhines* factors exist in this case, including good cause for his failure to exhaust all his claims prior to filing this action in federal court. Conclusory statements will not suffice.

**PENDING MOTION**

As noted, before responding to the court's initial order, Mr. Miller filed a motion he entitled "Motion for Stay of Brief and/or Extension of Time" (Doc. 4). The only relief sought in this motion is an extension of time "in regards to filing" his 2254 petition and "in which to secure the documents necessary to an informed appeal

11

of his conviction." Thereafter, Mr. Miller filed his Amended Petition with pages of transcript attached(Doc. 5). It thus appears that this motion for extension of time is moot.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's motion for extension of time (Doc. 4) is dismissed as moot.

**IT IS FURTHER ORDERED** that this petition for a writ of habeas corpus will be dismissed due to petitioner's failure to exhaust available state court remedies as to all claims, unless within thirty (30) days of this order petitioner files a complete Second Amended Petition upon court-provided forms presenting only his claims which have been exhausted.

The clerk is directed to send petitioner forms for filing a § 2254 petition.

**IT IS SO ORDERED.**

Dated this 5th day of September, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**